UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HOLLIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRUIST BANK,<br><br>　　　　Defendant. | Case No. 22-cv-00827-AGT<br><br>**ORDER TO SHOW CAUSE; ORDER DENYING MOTION FOR A MORE DEFINITE STATEMENT**<br><br>Re: Dkt. No. 4. |

　　　　It appears that the defendant, Truist Bank, prematurely removed this case to federal court. The plaintiff, Daniel Hollis, filed a pro se form complaint against Truist in California small-claims court. The complaint included one claim: for breach of contract. As alleged, the breach occurred in June 2019, and Hollis's damages consisted of emotional distress, legal fees, and consequential damage to his "entire financial life," which "has come to a halt due to this." Dkt. 1-1 at 3–4.

　　　　After being served, Truist searched its records and determined that Hollis didn't have a Truist account in 2019. Hollis had, however, had a Truist account in 2012, which was closed that year due to suspected fraudulent activity. Also in 2012, Truist had reported the closure of Hollis's account to ChexSystems, a credit-reporting agency. *See* Dkt. 1 ¶ 15.

　　　　Based on its investigation, Truist hypothesized that perhaps the factual basis for Hollis's lawsuit was the bank's 2012 disclosure to ChexSystems, and perhaps Hollis meant to sue for a violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), not for breach of contract. Based on this hypothesis, Truist removed Hollis's case to federal court, invoking federal-question jurisdiction, under 28 U.S.C. § 1331. In doing so, Truist relied not only on the results of its investigation, but also on a small-claims subpoena, which Hollis had served on the bank with his complaint. The subpoena asked Truist to turn over not only Hollis's signed account agreement, his bank statements, and all notices Truist had sent to him, but also "[a]ll correspondences with 3rd

parties about [his] account," and "notices sent to [him] of adverse action." Dkt. 1-1 at 10. Truist, in its notice of removal, posited that these last two categories of documents further suggested that the case was about alleged violations of the FCRA. *See* Dkt. 1 ¶ 16.

Neither Hollis's complaint nor his subpoena mentions the FCRA, ChexSystems, or credit reporting more generally. The bank, then, appears only to be guessing at what Hollis is trying to sue for. This conclusion is bolstered by the fact that after removal, Truist filed a motion for a more definite statement, under Rule 12(e). And in that motion, Truist wrote that "the Complaint is not only lacking critical detail, but [is] unintelligible as to Plaintiff's specific claim." Dkt. 4-1 at 3.

The removal statutes are designed so that defendants need not "read the tea leaves and anticipate claims where none have been asserted." *Chan Healthcare Grp. v. Liberty Mut. Fire Ins. Co.*, 844 F.3d 1133, 1141 (9th Cir. 2017). But reading the tea leaves is what Truist has done here. The bank assumes that because Hollis's breach-of-contract claim, as currently pled, may lack merit, that Hollis must be trying to sue for something else. And then the bank takes an educated guess as to what that something else might be. Guessing isn't good enough for removal. The removal determination centers on whether a case "is or has become removable." *Id.* at 1142 (quoting 28 U.S.C. § 1446(b)(3)). "[C]ounsel's clairvoyant sense of what actions a plaintiff might take plays no role in the analysis." *Id.*; *see also Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (explaining that the removal statutes are narrowly construed in part to "guard[] against premature and protective removals").

*Roth v. CHA Hollywood Medical Center L.P.*, 720 F.3d 1121 (9th Cir. 2013), a decision Truist cites in its notice of removal, doesn't warrant a different conclusion. *Roth* held that even when removability isn't apparent from the face of the complaint or from some other document provided by the plaintiff to the defendant, *see* 28 U.S.C. § 1446(b)(1), (3) (identifying these traditional removability triggers), the defendant may remove a case "when it discovers, based on its own investigation, that a case is removable." 720 F.3d at 1123. Truist contends that this is what happened here: the bank removed Hollis's case after the bank's own investigation. *See* Dkt. 1 ¶ 14. But as the just-quoted text shows, the focus, even under *Roth*, is on whether a case "is removable," not on whether a case might be removable in the future.

2

1  Hollis will eventually need to provide more detail about the factual and legal basis for his lawsuit. And when he does, perhaps Truist's theory of what the case is about will manifest and the case will become removable. *See Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015) (noting that a successive removal petition is "permitted when the pleadings are amended to create federal subject-matter jurisdiction for the first time"). Until then, the case should be litigated in state court, for there is currently no federal claim.

Because subject-matter jurisdiction is lacking, the undersigned intends to refer this case to a district judge with a recommendation that the case be remanded to state court. Before taking that step, the undersigned will permit Truist to respond to this order, to explain, if Truist so chooses, why the case shouldn't be remanded. Truist's response is due by April 7, 2022.

Truist's pending motion for a more definite statement is denied, without prejudice to Truist refiling the motion if federal subject-matter jurisdiction is later established.

**IT IS SO ORDERED.**

Dated: March 28, 2022

ALEX G. TSE
United States Magistrate Judge

United States District Court
Northern District of California

3